Stephen D. Finestone (Cal. Bar No. 125675)
Ryan A. Witthans (Cal. Bar No. 301432)
FINESTONE HAYES LLP
456 Montgomery Street, Suite 1300
San Francisco, CA 94104
Tel.:   (415) 481-5481
Fax:   (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: rwitthans@fhlawllp.com

Proposed counsel for Books Inc.,
Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re BOOKS INC.,<br><br>Debtor-in-Possession. | Case No. 25-40087-WJL<br>Chapter 11<br><br>**DEBTOR'S EMERGENCY FIRST-DAY MOTION FOR AN ORDER AUTHORIZING PAYMENT OF PRE-PETITION EMPLOYEE COMPENSATION AND RELATED RELIEF**<br><br><u>Hearing:</u> *To be decided.* |

**I.      INTRODUCTION**

Debtor-in-possession Books Inc. (the "Debtor") respectfully submits this motion ("Motion"), on an emergency basis, for entry of an order authorizing the Debtor to pay certain pre-petition obligations ("Pre-Petition Obligations") to its employees and granting related relief. In connection with these requests, the Debtor also seeks authorization for applicable banks and financial institutions to honor all checks and transfers made from the Debtor's accounts to the extent they relate to the Pre-Petition Obligations.

In bringing this Motion, the Debtor relies on the *Declaration of Andrew Perham in Support of Debtor's Emergency First-Day Motions* ("Perham Declaration"), the record in this case, and other filings, evidence, and argument as may be presented. The factual summary

provided below is brief in nature and interested parties are encouraged to review the more detailed description provided in the Perham Declaration.

## II. JURISDICTION AND VENUE

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, the district court's General Order No. 24 referring bankruptcy cases and proceedings, and B.L.R. 5011-1(a).[1] This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408–1409.

## III. STATEMENT OF FACTS

### A. The Debtor's Background and Bankruptcy Filing

A detailed discussion of the Debtor's background and the events leading to its bankruptcy filing is included in the Perham Declaration, which is incorporated by reference.

### B. The Debtor's Employees

The Debtor employs approximately 122 individuals across its eleven retail stores, corporate office, and warehouse. The Debtor employs a mix of salaried, full-time, and part-time employees, all of whom are compensated on a biweekly basis. The Debtor's employees are critical to its business operations. To minimize the impact of this Chapter 11 case on its employees, the Debtor seeks permission to pay them the pre-petition portion of their upcoming payroll and benefits in the ordinary course of Debtor's business.

### C. The Pre-Petition Obligations

As of the petition date, the Debtor owed approximately $145,798.80 to its employees for pre-petition compensation and benefits, and a total of $292,533.11 for accrued sick leave and vacation benefits. The Debtor confirms that the Pre-Petition Obligations the Debtor will pay, or fund on account of, any individual employee (including any withholding and expense reimbursement) will not exceed the $15,150 priority cap set by the Bankruptcy Code. One employee's combined Payroll (defined below) and PTO Benefits (defined below) would exceed

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure and "B.L.R." references are to the Bankruptcy Local Rules for the Northern District of California.

MOTION TO PAY PRE-PETITION COMPENSATION     2

the cap, so their PTO Benefits are reduced to fit within the cap. The employee with the second-highest combined Payroll and PTO Benefits will be paid $14,823.25.

Regarding insider compensation, the Debtor's insiders are compensated as follows:

| Name and Role(s) | Annual Compensation | Total Pre-Petition Obligation |
|---|---|---|
| Andrew Perham<br>Chief Executive Officer | $159,135 | $5,546.37 |
| George Seamer<br>Secretary, Director of Operations and Human Resources | $100,000 | $3,608.34 |
| Nikolai Grant<br>Vice President, Remainder Book Buyer | $20/hour | $372.03 |

The compensation above represents the reasonable value of services that each insider provides to the Debtor, and the payments are not made to induce any insider to remain with the Debtor's business.

The Pre-Petition Obligations include:

1. **Payroll and Related Obligations.** The next payday in the ordinary course of business will be on January 30, 2025. The Debtor uses ADP to process payroll ("Payroll") and employer payroll taxes ("Employer Payroll Taxes"). The Debtor also withholds from its employees' compensation all required federal, state, and local income taxes, Social Security, and imputed taxes owing by the employees for remittance to the appropriate taxing authorities (collectively, "Employee Withholdings"). The largest Payroll amount among the Debtor's employees is $5,546.37.

2. **Paid Time Off.** The Debtor provides paid sick leave and vacation to its salaried employees, which are accrued pursuant to state and local law and company policy. Through the Employee Compensation Motion, the Debtor seeks authority to honor any sick leave and vacation benefits ("PTO Benefits") that accrued pre-petition in the ordinary course of business. Note that the Debtor is not seeking to pay these amounts now, but is only seeking authorization to honor the PTO Benefits as they are utilized by its employees, or otherwise as required by state and local law. The largest PTO Benefit amount among the Debtor's employees is 200.33 hours,

MOTION TO PAY PRE-PETITION COMPENSATION 3

worth $15,362.70, which will be reduced to $9,603.63 to accommodate the $15,150 cap when combined with that employee's Payroll. All other employees' combined Payroll and PTO Benefit totals fall under the cap.

       3.     **Insurance and Retirement Plans.** The Debtor offers a Health Reimbursement Arrangement ("HRA") and Health Savings Account ("HSA") health insurance plan through Kaiser Permanente, dental and vision insurance through Guardian, and a life and accidental death and dismemberment ("AD&D") insurance plan through Mutual of Omaha (collectively, the "Insurance Contributions"). The Debtor also contracts with TransAmerica to offer a 401(k) retirement plan so that employees can have pre-tax funds withdrawn for retirement purposes ("Retirement Contributions"). The Insurance Contributions and Retirement Contributions are combined and included in the deductions to Payroll.

       A breakdown of the Pre-Petition Obligations is provided as **Exhibit A** to the Perham Declaration. The records identify employees by their initials to avoid disclosing employees' personally identifiable information. The records contain information regarding each employee's gross and net pay, deductions, and the Debtor's taxes and benefits contributions for each employee.

## IV.    REQUEST FOR RELIEF

       The Debtor's employees are critical to its operations. Without its employees, the Debtor would be unable to operate its retail stores, host events, or fill online sales. The vast majority of the Debtor's employees rely exclusively or primarily on the compensation and benefits they receive from the Debtor to pay their daily living expenses and support their families. The employees and their families would face significant financial hardship if the Debtor could not honor the Pre-Petition Obligations. Furthermore, the Debtor's failure to honor its Pre-Petition Obligations would risk the loss of its employees, each of whom is critical to the Debtor's continued operations.

       The continued services of the employees are critical to ensuring the success of the Debtor's reorganization in this Chapter 11 case. Accordingly, the Debtor respectfully requests that the Court authorize the Debtor's to pay, cause to be paid, or otherwise honor the Pre-Petition

MOTION TO PAY PRE-PETITION COMPENSATION    4

Case: 25-40087   Doc# 5   Filed: 01/21/25   Entered: 01/21/25 11:09:13   Page 4 of 6

Obligations, including the above-described Payroll, Employer Payroll Taxes, Employee Withholdings, PTO Benefits, Insurance Contributions, and Retirement Contributions.

## V. LEGAL ARGUMENT

The Court is authorized to grant the relief requested in this Motion pursuant to § 105(a), which provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Bankruptcy courts regularly invoke § 105 to authorize the payment of pre-petition wages in the ordinary course of business to prevent damage to the debtor's enterprise. *E.g.*, *In re Quality Interiors, Inc.*, 127 B.R. 391, 296 (Bankr. N.D. Ohio 1991) (pre-petition wages necessary to maintain effective work force); *In re Gulf Air, Inc.*, 112 B.R. 152 (Bankr. W.D. La. 1989) (wages, benefits, and workers' compensation premiums); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175-76 (Bankr. S.D.N.Y. 1989).

Pre-petition wages are entitled to priority under § 507(a)(4), and the amounts proposed to be paid are well below the cap provided by the Bankruptcy Code. The amounts to be paid to the Debtor's insiders do not exceed the reasonable value of the services that they provide to the Debtor and are not made to induce them to stay with the Debtor's business. §§ 502(b)(4) and 503(c). The payment of the Pre-Petition Obligations will not prejudice other creditors nor materially affect the bankruptcy estate given the relatively small amount requested to be paid in comparison with the Debtor's operations and the priority status of the claims.

## VI. EMERGENCY CONSIDERATION REQUESTED

The Debtor respectfully requests emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a bankruptcy case "to the extent that relief is necessary to avoid immediate and irreparable harm." Without the relief sought in this Motion, the Debtor might suffer substantial attrition at a time when the Debtor needs its employees to perform at peak efficiency. It would be difficult for the Debtor to replace such employees given the nature of the Debtor's operations and the condition of the Debtor. Accordingly, the Debtor submits that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003. Thus, the Debtor respectfully requests that the Court consider and grant this Motion on an emergency basis.

## VII. REQUEST FOR WAIVER OF BANKRUPTCY RULE 6004

The Debtor respectfully requests a waiver of any applicable notice requirements under Bankruptcy Rule 6004(a) and any stay of the order granting the relief requested herein pursuant to Bankruptcy Rule 6004(h). As explained above and in the Perham Declaration, the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor. Accordingly, ample cause exists to justify the waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and such stay apply.

## VIII. PROPOSED NOTICE

Notice of this Motion will be provided by email, facsimile, or overnight courier to (1) the Office of the United States Trustee, Region 17; (2) the holders of the twenty largest unsecured claims against the Debtor; (3) secured creditors; and (4) those persons who have formally appeared in this bankruptcy case and requested service pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice is required. No prior request for the relief sought in this Motion has been made by the Debtor to this or any other court.

## IX. CONCLUSION

For the reasons stated above, the Debtor respectfully requests entry of an order granting this Motion and the relief requested and providing such other and further relief as the Court may deem just and appropriate.

Dated January 21, 2025                      FINESTONE HAYES LLP

                                                     */s/ Ryan A. Witthans*
                                                     Ryan A. Witthans
                                                     Proposed counsel for Books Inc.,
                                                     Debtor-in-Possession