1  Stephen D. Finestone (125675)
   Ryan A. Witthans (301432)
2  FINESTONE HAYES LLP
   456 Montgomery Street, Suite 1300
3  San Francisco, CA 94104
   Tel.:   (415) 481-5481
4  Fax:   (415) 398-2820
   Email: sfinestone@fhlawllp.com
5  Email: rwitthans@fhlawllp.com

6  Counsel for Books Inc.,
   Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re BOOKS INC.,<br><br>Debtor-in-Possession. | Case No. 25-40087-WJL<br>Chapter 11<br><br>**Debtor's Motions for Entry of Orders:**<br><br>**(1) Directing the United States Trustee to Appoint a Consumer Privacy Ombudsman;**<br><br>**(2) Authorizing Sale of Substantially All Assets Free and Clear of Liens, Claims, Interests, and Encumbrances;**<br><br>**(3) Authorizing Assumption, Assignment, and Novation of Certain Executory Contracts and Unexpired Leases;**<br><br>**(4) Approving Bidding Procedures and Break-Up Fee; and**<br><br>**(5) Granting Related Relief.**<br><br><u>Hearing:</u><br>Date:   September 24, 2025<br>Time:   10:30 a.m.<br>Place:  United States Bankruptcy Court<br>            Courtroom 220<br>            1300 Clay Street<br>            Oakland, CA 94612<br>            *Also via Zoom videoconference.* |

DEBTOR'S MOTIONS FOR ENTRY OF ORDERS:
(1) DIRECTING UST TO APPOINT A CONSUMER PRIVACY OMBUDSMAN; ETC.          1

**THESE MOTIONS AFFECT THE FOLLOWING SECURED CREDITORS:** (1) Commercial Bank of California; (2) U.S. Small Business Administration; (3) Adrienne Kernan; and (4) Stephen Mayer (together, the "Secured Creditors").

**THESE MOTIONS ALSO AFFECT THE FOLLOWING LESSORS OF NON-RESIDENTIAL REAL PROPERTY:** (1) Angele Bonura Rice Trust, Jeff J. Brucia, Ric A. Brucia, and Kristina A. Davis; (2) Bi-Skan, Ltd.; (3) Books Property Partners, LLC; (4) CEP Town & Country Investors LLC; (5) City and County of San Francisco, acting by and through its Airport Commission; (6) Rodney S. Mills Generation Skipping Trust dated December 22nd, 2008, Leslie K. Mills Generation Skipping Trust dated December 22nd, 2008, and Susan Mills Diggle Generation Skipping Trust dated December 22nd, 2008, d/b/a Mills Properties; (7) Opera Plaza LP; (8) Park Street Properties, LLC; and (9) Pruneyard Regency, LLC (the "Landlords"). The affected leases are listed in **Exhibits B** and **C**, attached hereto.

Debtor-in-possession Books Inc. (the "Debtor") files this *Debtor's Motions for Entry of Orders: (1) Directing the United States Trustee to Appoint a Consumer Privacy Ombudsman; (2) Authorizing Sale of Substantially All Assets Free and Clear of Liens, Claims, Interests, and Encumbrances; (3) Authorizing Assumption, Assignment, and Novation of Certain Executory Contracts and Unexpired Leases; (4) Approving Bidding Procedures and Break-Up Fee; and (5) Granting Related Relief* (collectively, the "Motion") pursuant to §§ 105, 363, and 365, Bankruptcy Rules 6004 and 6006, and B.L.R. 6004-1 and 6006-1.[1] This Motion is supported by the concurrently filed memorandum of points and authorities ("MPA"), the supporting declarations of Andrew Perham and Jason Stryker, and the notice of hearing ("Notice").

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure and "B.L.R." references are to the Bankruptcy Local Rules for the Northern District of California.

I.  **MOTION FOR ORDER DIRECTING UNITED STATES TRUSTEE TO APPOINT CONSUMER PRIVACY OMBUDSMAN**

The proposed sale includes personally identifiable information. A copy of the Debtor's privacy policy is attached as **Exhibit A** to the supporting declaration of Andrew Perham. Accordingly, pursuant to §§ 332 and 363(b)(1) and Bankruptcy Rule 6004(g), the Debtor requests an order directing the United States Trustee ("UST") to appoint a consumer privacy ombudsman ("CPO"). According to Bankruptcy Rule 6004(g)(2), the UST must serve notice of the appointment of the CPO at least seven days before the hearing on this Motion. To allow the CPO to be appointed and notice to be timely sent, without delaying the proposed sale, the Debtor is filing with this Motion a request for expedited consideration of the motion for order appointing a CPO. A proposed form of order is attached as **Exhibit 1** to the Notice.

II.  **MOTION FOR SALE APPROVAL**

Pursuant to § 363, Bankruptcy Rule 6004, and B.L.R. 6004-1, the Debtor requests authority to sell substantially all of its assets to BI Acquisition Co. LLC, a Delaware limited liability company (the "Buyer"), pursuant to the terms of the Asset Purchase Agreement ("APA"), attached hereto as **Exhibit A**. The Buyer is an affiliate of Barnes & Noble Booksellers, Inc. The purchase price is $3,250,000, with $2,600,000 paid upon closing and the remaining $650,000 as a holdback to secure any claims of the Buyer that may arise under the APA, including a final adjustment for inventory value (the purchase price will be adjusted up or down on a dollar-for-dollar if the Debtor's inventory is worth more than $1,300,000 or less than $1,200,000, respectively). The holdback, less any amounts required to satisfy the claims of the Buyer, shall be released in two payments: (1) $325,000 will be released six months after closing; and (2) the balance will be released twelve months after closing. The sale shall be free and clear of liens, claims, interests, and encumbrances (other than any permitted liens) of the Secured Creditors to the maximum extent permitted by §§ 363 and 365.

The Debtor also requests that the Court determine that Buyer is a good faith buyer and entitled to the protections of § 363(m). The Debtor anticipates filing a declaration in support of this finding either with this Motion or prior to the hearing.

The Debtor seeks to pay undisputed claims of the Secured Creditors and DIP Lender (as defined in the MPA) directly from the sale proceeds upon closing to stop the accrual of interest on those claims and thus to preserve value for the estate.

The Debtor further requests waiver of the fourteen-day stay provided by Bankruptcy Rule 6004(h) to allow the sale to close as soon as possible in light of the Debtor's precarious financial situation.

### III. MOTION TO ASSUME, ASSIGN, AND NOVATE LEASES

Pursuant to the *Order Granting Debtor's Motion to: (1) Approve New Chestnut Street Lease; (2) Assume and Approve Amendment of Mountain View Lease; and (3) Assume San Francisco Airport Leases and Approve Related Surety Agreement*, Docket No. 72, the Debtor entered into a new lease post-petition and assumed certain leases and a permit (collectively, the "Post-Petition and Debtor Assumed Leases") listed in the attached **Exhibit B**.

Pursuant to §§ 363 and 365; Bankruptcy Rules 6004 and 6006, and B.L.R. 6004-1, 6006-1, the Debtor requests authority to: (1) assume all leases that have not previously been assumed or rejected by the Debtor (the "Remaining Leases") listed on **Exhibit C**; and (2) assign to the Buyer (and/or novate as appropriate) the Debtor Assumed Leases and the Remaining Leases subject to the terms of the APA.

Cure costs for each lease are listed in the applicable **Exhibits B** and **C**. Notice of the cure costs will be provided to each Landlord with an opportunity to object, and cure costs will be paid by the Debtor from the sale proceeds at or shortly after closing.

The Debtor further requests waiver of the fourteen-day stay provided by Bankruptcy Rule 6006(d) to allow the sale to close as soon as possible in light of the Debtor's precarious financial situation.

## IV. MOTION TO APPROVE BIDDING PROCEDURES AND BREAK-UP FEE

In an abundance of caution, the Debtor wishes to leave open an opportunity for qualified bidders to appear at the hearing on this Motion and present overbids. The Buyer has agreed to this process, subject to this Court's approval of the following bidding procedures ("Bidding Procedures") and Break-Up Fee (defined below), as further detailed in the accompanying MPA and Notice:

1. A bidder would have to establish that it is qualified, in the Debtor's discretion.
2. The first incremental overbid must be at least $200,000 above the $3,250,000 contract price provided in the APA.
3. Subsequent incremental overbids must be at least $50,000.
4. If there is an overbid and the Buyer is not the winning bidder, $150,000 of the first overbid will be paid to the Buyer (the "Break-Up Fee") out of the proceeds of the closing of the sale.

The Buyer has required, and the Debtor has agreed to request, that in the event of overbidding, the Bidding Procedures and Break-Up Fee be approved orally by the Court before bidding commences. The Buyer may, but is not required to, participate in any bidding.

## V. CONCLUSION

By way of this Motion, as set forth in detail in the concurrently filed MPA, and pursuant to the APA, the Debtor respectfully requests that the Court enter an Order in substantially the form attached to the Notice as **Exhibit 2**:

1. Granting this Motion.
2. Finding that notice of the Motion was proper and adequate.
3. Directing the UST to appoint a CPO and serve notice thereof no later than seven days prior to the hearing on this Motion pursuant to §§ 332 and 363(b)(1)(B).
4. Approving, authorizing, and directing the Debtor to perform, pursuant to §§ 105, 363, and 365, the:

a. Execution, delivery, and performance by the Debtor of all obligations under the APA and related transaction documents.
   b. Sale of the purchased assets to the Buyer on the terms set forth in the APA and related transaction documents free and clear of liens, claims, interests, and encumbrances (other than any permitted liens) to the maximum extent permitted by §§ 363 and 365.
   c. Assumption of the Remaining Leases listed on **Exhibit C**.
   d. Assignment (and/or novation as appropriate) of the Post-Petition and Debtor Assumed Leases and the Remaining Leases listed on **Exhibits B** and **C**.
   e. Transfer of all assets, claims, and rights referenced in the APA to the Buyer.
5. Authorizing but not directing the Debtor to pay the claims of the Secured Creditors, DIP Lender, and cure costs of the Landlords directly from the sale proceeds upon closing, to the extent the Debtor does not dispute or anticipate disputing the amount of those claims.
6. Finding that the Buyer is a good faith purchaser within the meaning of § 363(m), granting the Buyer the protections of § 363(m), and finding that the Buyer has not violated § 363(n) by any action or inaction.
7. Approving the Bidding Procedures and Break-Up Fee.
8. Permitting the transfer of the Debtor's personally identifiable information.
9. Waiving the fourteen-day stays imposed by Bankruptcy Rules 6004(h) and 6006(d).
10. Granting such other and further relief as the Court deems appropriate.

\* \* \*

Dated September 3, 2025          FINESTONE HAYES LLP

  /s/ Ryan A. Witthans
Ryan A. Witthans
Counsel for Books Inc.,
Debtor-in-Possession