GREGORY S. POWELL (SBN 182199)
Assistant United States Trustee
PHILLIP J. SHINE (SBN 318840)
Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
450 Golden Gate Avenue, Room 05-0153
San Francisco, California 94102
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: phillip.shine@usdoj.gov

Attorneys for Peter C. Anderson
United States Trustee for Region 17

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

In re                                           )     Case No. 25-40087 WJL
                                                )
BOOKS, INC.,                                    )     Chapter 11
                                                )
                              Debtor.           )

## <u>NOTICE OF APPOINTMENT OF CONSUMER PRIVACY OMBUDSMAN</u>

To:

**Alan Chapell, Esq., CIPP**
692 Greenwich Street, #5
New York, NY 10014
Telephone: 212-675-1270
Email: Achapell@ChapellAssociates.com

Pursuant to the Order of this Court entered on September 12, 2025 (ECF No. 93) directing

the U.S. Trustee to appoint a consumer privacy ombudsman (the "CPO") in the above-captioned

case, the U.S. Trustee hereby appoints Alan Chapell to serve as the CPO. A copy of Mr.

Chapell's verified statement is attached hereto as Exhibit A.

September 17, 2025                   PETER C. ANDERSON
                                    UNITED STATES TRUSTEE

                                    By:     */s/ Gregory S. Powell*
                                            Gregory S. Powell
                                            Assistant United States Trustee

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

In re BOOKS INC.,

              Debtor-in-Possession.

)
)
)
)
)
)
)
)
)

Case No. 25-40087-WJL

Chapter 11

**VERIFIED STATEMENT OF ALAN CHAPEL IN CONSIDERATION OF APPOINTMENT AS CONSUMER PRIVACY OMBUDSMAN PURSUANT TO 11 U.S.C. § 332**

I, Alan Chapell, hereby verify and declare as follows:

1.     This Verified Statement is being submitted in connection with the United States Trustee's Appointment of Consumer Privacy Ombudsman (the "Appointment"), who is considering me for appointment as the Consumer Privacy Ombudsman in the above-captioned case. It sets forth to the best of my knowledge and belief all my connections with the Debtor, creditors, and other parties of interest.

2.     The facts contained in this Verified Statement are based upon my personal knowledge and, if called as a witness to do so, I could competently testify thereto.

3.     I have previously been appointed as Consumer Privacy Ombudsman in other bankruptcy cases. Attached hereto as Exhibit 1 is my curriculum vitae.

4.     In order to prepare this Verified Statement, I conducted a conflict check.

5.     I am not a creditor, an equity security holder, or an insider of the Debtor.

6.     I am not nor have I been at any time a director, officer, or employee of the Debtor.

7.      I do not hold an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor.

8.      Further, based upon my review of the petition, schedules and list of creditors filed in this case, to the best of my knowledge and belief, I do not have any connections with the Debtor, creditors, any other parties in interest, their respective attorneys and accountants, the United States Trustee for Region 17, or persons employed by the Office of the United States Trustee.

9.      I have not received any compensation from any party with respect to my potential appointment in this case, nor have I made any agreements or arrangements with the Debtor or any other party.

10.     Additionally, while I have conducted a thorough conflict check in this case, I will file supplemental disclosures if I discover any connections.

11.     If appointed as the Consumer Privacy Ombudsman in this case, I will comply with the Bankruptcy Code and applicable Bankruptcy Rules.

12.     If appointed as the Consumer Privacy Ombudsman in this case, I will be only person working in that capacity on this case. In the unlikely event that need to employ or otherwise engage any professionals, such necessary professionals will meet the requirements for employment under 11 U.S.C. § 327, and will file a verified statement pursuant to Bankruptcy Rules 2007-2(c) and 2014.

13.     I intend to apply for compensation for professional services rendered in connection with this Case subject to approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Rules, United States Trustee Guidelines and Orders of this Court, on an hourly basis, plus reimbursement of actual and necessary costs.

My current billing rate is $850 per hour for these cases, which is a discount from my typical hourly rate. I would consider offering an additional discount upon request and will file notice of any proposed rate increase. I will comply with all Rules, Guidelines and Orders of the Court regarding compensation.

14.     I have been appointed as Consumer Privacy Ombudsman in over twenty-five bankruptcy proceedings over the past two decades, and my most recent appointment was In re: Zen JV, LLC, *et al* in the U.S. Bankruptcy Court for the District of Delaware (Case No. 25-11195 (JKS)).

15.     Based upon the foregoing, also I believe that the Firm and I are "disinterested persons" within the meaning of 11 U.S.C. §§ 101(14) and 332(a).

16.     I acknowledge my statutory obligation not to disclose any personally identifiable information I obtain, and I agree to comply with 11 U.S.C. § 332(c).

I declare under penalty of perjury that the foregoing statements are true and correct.


Executed in New York, NY on September 17, 2025.


|s| *Alan Chapell*
ALAN CHAPELL