Stephen D. Finestone (125675)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, Suite 1300
San Francisco, CA 94104
Tel.: (415) 481-5481
Fax: (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: rwitthans@fhlawllp.com

Counsel for Books Inc.,
Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| In re BOOKS INC.,<br><br>Debtor-in-Possession. | Case No. 25-40087-WJL<br>Chapter 11<br><br>**DECLARATION OF ANDREW PERHAM IN SUPPORT OF MOTION TO COMPROMISE CONTROVERSY WITH STEPHEN D. MAYER**<br><br>Hearing:<br>*No hearing requested. Notice of motion and opportunity for hearing served pursuant to B.L.R. 9014-1(b)(3).* |

I, Andrew Perham, declare as follows:

1. I am the chief executive officer ("CEO") of Books Inc. (the "Debtor"). I make this declaration in support of the Debtor's *Motion to Compromise Controversy with Stephen D. Mayer* (the "Motion"). All capitalized terms used herein and not otherwise defined in this declaration will have the meanings set forth in the Motion.

2. All statements in this declaration are based on my own personal knowledge and observation, or upon information and belief based upon my review of the Debtor's business records in this case. If called to testify on this matter, I could and would competently testify to the matters set forth herein.

PERHAM DECLARATION 1

3. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on January 20, 2025. The Debtor's bankruptcy schedules listed a $500,000 debt to Mr. Mayer secured by a fourth-position lien on all assets of the Debtor.

4. Mr. Mayer is a director, 31.1% equity holder, and insider of the Debtor. Over at least the past 20 years, Mr. Mayer has guaranteed debts and, if necessary, the leases of the Debtor, and on numerous occasions he lent the Debtor money at favorable terms to ensure it had sufficient working capital.

5. The scheduled $500,000 debt arises from loan advances made under a promissory note dated April 26, 2024, between the Debtor and Mr. Mayer, the purpose of which was to support the Debtor's ongoing business operations. The promissory note is in a principal amount of up to $750,000, secured by "all assets" of the Debtor. The note bears interest at a rate of 8% per annum. A true and correct copy of the promissory note is attached as **Exhibit A** to this declaration.

6. I am informed and believe that Mr. Mayer relied on the Debtor to perfect his security interest, which was accomplished by a UCC-1 financing statement filed with the California Secretary of State on May 28, 2024, describing a lien on "all cash, inventory, accounts receivable, trademarks, and fixed assets" of the Debtor. A true and correct copy of the financing statement is attached as **Exhibit B** to this declaration.

7. The following loan advances and repayments were made under the note:

| Description | Date | Amount | Balance |
| --- | --- | --- | --- |
| Loan advance | April 2024 | $300,000 | $300,000 |
| Loan advance | July 2024 | $100,000 | $400,000 |
| Repayment | August 2024 | ($100,000) | $300,000 |
| Loan advance | September 2024 | $150,000 | $450,000 |
| Loan advance | October 2024 | $50,000 | $500,000 |

8. During its review of pre-petition claims, the Debtor identified a potential cause of action against Mr. Mayer for an avoidable preferential transfer related to the pre-petition loan.

PERHAM DECLARATION 2

9. I am informed and believe that: (1) the perfection of Mr. Mayer's security interest on May 28, 2024, constituted a "transfer" for the benefit of a creditor, on account of antecedent debt represented by the $300,000 advance dated April 26, 2024; (2) because Mr. Mayer is an insider, the applicable lookback period is one year; and (3) this is not a surplus case, so Mr. Mayer's security interest would result in him receiving more in a hypothetical Chapter 7 than if his claim was unsecured. Thus, I am informed and believe that, except for the element of Debtor's insolvency at the time of the transfer, all elements of § 547(b) could be established.

10. I am informed and believe that the central factual issue in any avoidance litigation would be whether the Debtor was insolvent as of May 28, 2024, when Mr. Mayer's security interest was perfected.

11. The Debtor sold substantially all of its assets as a going concern to a subsidiary of Barnes & Noble for $3.25 million. The sale closed on October 1, 2025. Following the sale, Barnes & Noble acquired the business and continued operating the Debtor's bookstores while retaining most of its 77 employees.

12. Pursuant to this Court's order authorizing the sale entered October 1, 2025, the Debtor was authorized to pay secured creditors to the extent it did not dispute or anticipate disputing the amount of the secured claims. I am informed and believe that Mr. Mayer's secured debt, including accrued interest, totaled $530,820. By agreement between the Debtor and Mr. Mayer, the Debtor withheld $75,000 from the amount otherwise payable to Mr. Mayer pending resolution of the potential preference dispute. The Debtor distributed $455,820 to Mr. Mayer and the parties agreed to address the holdback through a compromise to be approved by this Court.

13. Mr. Mayer also extended a separate $200,000 post-petition loan to the Debtor, which was repaid from the sale proceeds as an administrative claim. Mr. Mayer received $201,952, including interest, for repayment of this post-petition loan, which is separate and not a part of this compromise motion.

14. Under the proposed compromise, the parties agree as follows:

    a. The $75,000 holdback shall constitute a voluntary reduction of Mr. Mayer's secured claim in full and final satisfaction of any claims or causes of action

PERHAM DECLARATION                                                3

that the Debtor, the estate, or any successor in interest may have against Mr. Mayer relating to his $300,000 advance on April 26, 2024, and the later perfection of his security interest.

      b.   The payment of $455,820 already made to Mr. Mayer shall constitute full satisfaction of the Debtor's obligations on account of Mr. Mayer's pre-petition secured claim.

15. The Debtor believes in its reasonable business judgment that the proposed compromise is fair and equitable and that it fulfills the *A & C Properties* factors.

    A.   <u>Probability of Success</u>

16. I am informed and believe that the Debtor's books and records indicate that its solvency at that time is a close question, hinging on subjective and fact-intensive valuation judgments. Significant components of the Debtor's business, such as its brand value, goodwill, and customer relationships, were difficult to quantify but contributed meaningfully to its going-concern value. I believe that this point is evidenced by the $3.25 million paid by Barnes & Noble, which amount was approximately three times the value of the Debtor's inventory. The Debtor had also begun negotiating rent concessions and lease modifications that reduced long-term liabilities and improved the strength of its balance sheet.

17. While the Debtor ultimately sold its business for $3.25 million, that transaction occurred months later, after significant external changes including unforeseen disruptions due to construction at the San Francisco International Airport that sharply reduced revenue at the Debtor's historically strongest stores. I am informed and believe that those events, discussed in detail in the Debtor's previous filings, eroded value after the Debtor filed for bankruptcy and do not indicate solvency or insolvency as of May 28, 2024.

18. Given these uncertainties, the Debtor recognizes that success in any avoidance litigation would be speculative. The Debtor might prevail, but only after a costly, expert-driven dispute over solvency and valuation.

PERHAM DECLARATION          4

### B. Difficulty of Collection

19. I am informed and believe that this factor is neutral. This matter concerns a payment already made to Mr. Mayer, so collection is not at issue.

### C. Complexity of Litigation, Expense, Inconvenience, and Delay

20. I am informed and believe that this factor weighs strongly in favor of approval. Litigation would likely be highly fact-intensive and require expert analysis of fair valuation, going-concern adjustments, and the treatment of intangible business assets. Litigating these issues would consume substantial estate resources and delay distributions to creditors. Even if successful, the estate's net recovery could easily be offset by the attorneys' and experts' fees necessary to establish insolvency. For these reasons, the Debtor reasonably concluded that the incremental benefit of litigating such a close and uncertain issue did not justify the expense and risk involved.

### D. Paramount Interest of Creditors

21. I am informed and believe that this factor also supports approval. The Debtor has completed the sale of its business, and there is now a fixed pool of sale proceeds available for distribution under the forthcoming plan of liquidation. The proposed compromise preserves estate resources by avoiding costly and risky litigation while capturing a $75,000 voluntary reduction from Mr. Mayer's secured claim, which is an immediate and quantifiable benefit to the estate and its creditors. Moreover, by way of this compromise, Mr. Mayer waives any unsecured claim related to the pre-petition loan.

\* \* \*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on November 10, 2025.

/s/ Andrew Perham
Andrew Perham

PERHAM DECLARATION 5

# Exhibit A

# PROMISSORY NOTE

$750,000                                        San Francisco, California

8%                                              Date: April 26, 2024

FOR VALUE RECERVED, the undersigned, Books Inc ("Maker") promises to pay to Stephen and Patricia Mayer ("Holder"), at San Francisco, California (or at such other place as Holder may from time to time designate by written notice to Maker), in lawful money of the United States, the principal sum of up to $750,000 with interest at the rate of 8% simple interest per annum on the principal amount of this Note and accrued interest thereon remaining unpaid from time to time from the date hereof until such principal amount is fully repaid. Payments of principal and interest shall be payable as specified herein.

1.    Advances. This note is up to $750,000 with advances to be made in increments of $50,000 as requested by Maker and approved by Holder.

2.    Security. This note will be secured in its full amount with a UCC filing against all of the assets of Maker, however it is understood that this UCC is a third to the security interest of Community Bank of the Bay and Adrienne Kernan.

3.    Payment. Payments of accrued interest shall be due and payable monthly. The first such interest payment shall be due and payable on June 1st, 2024. Should interest not be paid when due on this Note, it shall bear interest at the same rate as the principal. The entire unpaid principal balance of this Note, together with all accrued but unpaid interest thereon shall be due and payable on December 31, 2025 unless agreed in writing to extend for a specific period of time.

2.    Prepayment. Maker shall have the right, at any time and from time to time, to prepay all or any portion of the amount due under this Note without premium or penalty, so long as any amount prepaid is applied first to reduce accrued interest and then to reduce principal.

3.    Default. The entire unpaid principal amount of this Note and any accrued interest thereon shall, by declaration at the option of Holder (or without such declaration in the case of event (b) below), immediately become due and payable upon the occurrence of any of the following events (an "Event of Default"):

(a)    Maker defaults in the payment of any installment of principal or interest on this Note and such default is not remedied within ten days after Holder gives written notice thereof:

(b)    Maker becomes insolvent or makes a general assignment for the benefit of creditors or Maker admits Maker's inability to pay its debts as they become due or an order for relief is entered against Maker under any chapter of Title 11 of the United States Code or Maker is adjudicated a bankrupt or insolvent under or institutes any bankruptcy, insolvency, reorganization, arrangement, readjustment

Case: 25-40087    Doc# 110-1    Filed: 11/11/25    Entered: 11/11/25 10:48:47    Page 7 of 10

of debt or similar proceeding relating to it under the laws of any jurisdiction or any such proceeding is instituted against maker and remains undismissed for a period of 60 days;

( c) Any attachment or garnishment is issued or levied against a substantial part of the property of Maker and such attachment or garnishment is not released, vacated or fully bonded within 60 days after its issue or levy;

(d) Maker dissolves or is wound up or merges or is consolidated with or into any other entity.

Maker shall be liable for any damages or expenses that Holder sustains by reason of any Event of Default, including without limitation all unpaid amounts due hereunder and reasonable costs of enforcement and collection of this Note, including reasonable attorneys' fees. Maker expressly waives demand, presentment, notice of dishonor, diligence in collection and notice of protests and agrees to all extensions and partial payments before or after maturity.

4. Government Law. This Note shall be governed by, construed and interpreted in accordance with the laws of the State of California.

IN WITNESS WHEREOF, Maker has executed this Note or caused this Note to be executed as of the date first set forth above.

By: _____

Andy Perham, CEO of Books Inc.

# Exhibit B

 

U240044709531

B2772-3681 05/28/2024 12:17 PM Received by California Secretary of State



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT (UCC 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

For Office Use Only

**-FILED-**

File No.: U240044709531

Date Filed: 5/28/2024

Submitter Information:

| | |
|---|---|
| Contact Name | Andrew Perham |
| Organization Name | Books Inc. |
| Phone Number | (415) 643-3400 |
| Email Address | aperham@booksinc.net |
| Address | 2483 WASHINGTON AVE SAN LEANDRO, CA 94577 |

Debtor Information:

| Debtor Name | Mailing Address |
|---|---|
| Books Inc. | 2483 Washington Ave San Leandro, CA 94577 |

Secured Party Information:

| Secured Party Name | Mailing Address |
|---|---|
| Stephen Mayer | 505 West Poplar Avenue San Mateo, CA 94402 |

Indicate how documentation of Collateral is provided:
Entered as Text

Description:
Secured by all cash, inventory, accounts receivable, trademarks, and fixed assets of Books Inc.

Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:
Not Applicable

Select an alternate Financing Statement type:
Not Applicable

Select an additional alternate Financing Statement type:
Not Applicable

Select an alternative Debtor/Secured Party designation for this Financing Statement:
Not Applicable

Optional Filer Reference Information:

Miscellaneous Information:

Search to Reflect:

☒ Order a Search to Reflect

Debtor Name                                    Books Inc.